J-A14027-23

2023 PA Super 165

JILL FREEMAN

    v.

AKILADELPHIA CREATIVE
CONTRACTING, LLC AND AKIL
BOWLER

             Appellants

     :    IN THE SUPERIOR COURT OF
     :           PENNSYLVANIA
     :
     :
     :
     :
     :
     :
     :
     :    No. 2394 EDA 2022
     :
     :

Appeal from the Order Entered September 13, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220800486

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

OPINION BY DUBOW, J.:            **FILED SEPTEMBER 13, 2023**

Appellants, Akiladelphia Creative Contracting, LLC and Akil Bowler, its owner and sole member, appeal from the order entered by the Philadelphia Court of Common Pleas on September 13, 2022, overruling Appellants' Preliminary Objections seeking to compel arbitration pursuant to a home improvement contract.  After careful review, we affirm the order.

In November 2021, Appellee, Jill Freeman, contracted with Appellants to renovate her Philadelphia condominium ("the Contract") for approximately $55,800.00.  The contract specified that Appellants "shall complete the work on or before December 22, 2021, time being of the essence of this contract."[1]

---

[1] Contract, Nov. 17, 2021, at ¶ 11.

Relevantly, the Contract contained the following "Dispute Resolution" provision purporting to mandate arbitration:

> **DISPUTE RESOLUTION**. The parties will attempt to resolve any dispute arising out of or relating to this Agreement through friendly negotiations amongst the parties. If the matter is not resolved by negotiation, the parties will resolve the dispute using the below Alternative Dispute Resolution (ADR) procedure.
>
> Any controversies or disputes arising out of or relating to this Agreement will be submitted to mediation in accordance with any statutory rules of mediation. If mediation is not successful in resolving the entire dispute or is unavailable, any outstanding issues will be submitted to final and binding arbitration under the rules of the American Arbitration Association. The arbitrator's award will be final, and judgment may be entered upon it by any court having proper jurisdiction.

Contract at ¶ 22 ("Section 22").

Ultimately, in June 2022, Appellee notified Appellants that they were in default for, *inter alia*, failing to complete the work in a timely and workmanlike manner.[2]  On August 3, 2022, Appellee filed a complaint raising claims under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Home Improvement Consumer Protection Act ("HICPA"),[3] and negligence. She sought damages for uncompleted work, the retention of a new contractor to remedy Appellant's work, and for the loss of use and enjoyment of her home.

---

[2] The details of the construction project and the alleged breaches by Appellants are not relevant to the issues on appeal.

[3] 73 P.S. §§ 201-1 -201-10 (UTPCPL); 517.1-517.19 (HICPA).

On August 16, 2022, Appellants filed Preliminary Objections seeking to dismiss the complaint and compel arbitration based upon Section 22 of the Contract.[4]  Appellee responded on August 30, 2022.[5]

By order of September 13, 2022, the trial court overruled Appellants' Preliminary Objections.  Appellants filed a Notice of Appeal on September 19, 2022.[6]  The trial court and Appellants subsequently complied with Pa.R.A.P. 1925.

Appellants raise the following question for our review:

Did the trial court err in denying Appellants' preliminary objections to Appellee's Complaint and in finding that, in accordance with Section 22 of the Construction Contract entered by and between Appellee and Akiladelphia (the "Construction Contract"), Appellee's claims against Appellants are first not required to [be] submitted to mediation and, in the event that mediation is not successful in resolving the entire dispute between Appellee and

---

[4] Appellants relied upon Pa.R.Civ.P. 1028(a)(6), permitting preliminary objections based upon the "pendency of a prior action or agreement for alternative dispute resolution."

[5] Appellee also filed a Motion to Void the Arbitration Clause on August 18, 2022.  The trial court granted the motion in part on October 21, 2022, one month after Appellants filed the instant appeal.  Appellants then appealed the October 21, 2022 Order.  This Court vacated that order and quashed the appeal, given that the trial court did not have jurisdiction to proceed in the matter after Appellants filed the instant appeal.  **See** Order, No. 2857 EDA 2022, 1/20/23.

[6] "An order denying a petition to compel arbitration is an interlocutory order appealable as of right."  **Fineman, Krekstein & Harris, P.C. v. Perr**, 278 A.3d 385, 389 (Pa. Super. 2022); **see** Pa.R.A.P. 311(a)(8) (providing that "[a]n appeal may be taken as of right [from an] order that is made final or appealable by statute . . . ."); 42 Pa.C.S. §§ 7321.29(a)(1) (stating that "[a]n appeal may be taken from . . .an order denying a motion to compel arbitration"); 7342(a) (applying Section 7321.29 to common law arbitration).

Appellants or [if ]mediation is not available, then any remaining outstanding issues between Appellee and Appellants shall be required to be submitted to final and binding arbitration in accordance with the rules of the American Arbitration Association?

Appellant's Br. at 5.

**A.**

Our review of an order overruling "preliminary objections in the nature of a petition to compel arbitration is . . . limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition." ***Fineman, Krekstein & Harris, P.C. v. Perr***, 278 A.3d 385, 389 (Pa. Super. 2022) (citation omitted). When addressing a petition to compel arbitration, courts apply a two-part test in which courts first "examine whether a valid agreement to arbitrate exists[,]" and then "determine whether the dispute is within the scope of the agreement." ***Id.*** (citation omitted).

In considering whether an agreement to arbitrate exists, we recognize that "Pennsylvania has a well-established public policy that favors arbitration, and this policy aligns with the federal approach expressed in the Federal Arbitration Act ('FAA')." ***Pisano v. Extendicare Homes, Inc.***, 77 A.3d 651, 660 (Pa. Super. 2013) (citing 9 U.S.C. §§ 1–16). Indeed, echoing the FAA, the General Assembly has decreed that an arbitration agreement "is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity relating to the validity, enforceability or revocation of any contract." 42 Pa.C.S. § 7303; ***see also*** 9 U.S.C. § 2 (same).

- 4 -

Appellee challenged the instant arbitration agreement based upon the requirements of the HICPA. The HICPA applies to the Contract as it involved an agreement "for the performance of a home improvement" where Appellants are "contractor[s]" and Appellee is an "owner" of a private residence. 73 P.S. § 517.2 (defining "Home improvement contract[,]" "contractor[,]" and "owner"); 517.7 (setting forth provisions relating to "home improvement contract[s]").[7]

The HICPA provides as follows in regard to arbitration clauses in home improvement contracts:

> **(d) Arbitration clause.** — Nothing in this act shall preclude the court from setting aside an arbitration clause on any basis permitted under Pennsylvania law. If the contract contains an arbitration clause, it shall meet the following requirements or be deemed void by the court upon motion of either party, filed prior to the commencement of arbitration:
>
> (1) The text of the clause must be in capital letters.
>
> (2) The text shall be printed in 12-point boldface type and the arbitration clause must appear on a separate page from the rest of the contract.
>
> (3) The clause shall contain a separate line for each of the parties to indicate their assent to be bound thereby.
>
> (4) The clause shall not be effective unless both parties have assented as evidenced by signature and date, which shall be the date on which the contract was executed.
>
> (5) The clause shall state clearly whether the decision of the arbitration is binding on the parties or may be appealed to the court of common pleas.
>
> (6) The clause shall state whether the facts of the dispute, related documents and the decision are confidential.

---

[7] A violation of the HICPA "shall be deemed a violation" of the UTPCPL. 73 P.S. § 517.10.

73 P.S. § 517.7(d).

The trial court found, and Appellants do not dispute, that the arbitration clause satisfied only one of the six requirements.[8]

**B.**

Appellants maintain that while Section 517.7(d) "allows a [c]ourt to set aside an arbitration clause" that does not meet the enumerated requirements, the statute does not mandate "a [c]ourt to do so." Appellant's Br. at 24. They also argue that the first two sentences of Section 517.7(d) create an "absurd result" because the second sentence provides that arbitration agreements that do not meet the enumerated requirements may "be deemed void," whereas the first sentence permits the court to set aside an arbitration clause under "any basis permitted under Pennsylvania law[,]" even if it meets the enumerated requirements. *Id.* at 18-19.

Appellants also argue that because Appellee agreed to submit her claims to arbitration, the trial court erred in not enforcing the Contract's arbitration clause. *Id.* at 28. They urge this Court to reverse the order overruling the preliminary objections and "remand Appellee's claims against Appellants to

---

[8] Specifically, the court found that the arbitration clause satisfied the fifth requirement, as it indicated that arbitration was binding. The court, however, held that the clause did not meet the other five requirements because it was not in capital letters, was not in boldface type on a separate page, did not contain a separate signature line, was not signed and dated by the parties, and did not state that the details of the dispute are confidential. Tr. Ct. Op., 10/18/22, at 5-6.

mediation" and, if necessary, arbitration. *Id.* at 19. Appellants' argument garners no relief.

We reject Appellants' assertion that the first two sentences of Section 517.7(d) create an "absurd result." Rather, the two sentences set forth independent bases upon which a trial court may invalidate an arbitration provision in a home improvement agreement: either because the agreement violates another provision of Pennsylvania law or because it does not meet the enumerated requirements of Section 517.7(d). The fact that an arbitration clause may meet the enumerated requirements but fail under another provision of Pennsylvania law does not create an absurd result. We conclude that the provisions do not conflict.

With respect to its application, Section 517.7(d) permits a trial court to deem an arbitration clause void if it fails to meet the enumerated requirements. The trial court did exactly that in the instant case by deeming Section 22 of the Contract void because it indisputably failed to satisfy five of the six requirements. As noted above, the clause was not in capital letters, was not in boldface type on a separate page, did not contain a separate signature line, was not signed and dated by the parties, and did not state that the details of the dispute are confidential. Tr. Ct. Op., 10/18/22, at 6. We

find no error in the trial court following the plain language of the statute and deeming the arbitration clause void.[9]

Accordingly, the court concluded that the arbitration clause "was not a valid arbitration clause" for a home improvement contract under the HICPA *Id.* Finding the arbitration clause invalid under Section 517.7(d), the court overruled Appellants' preliminary objections seeking to compel arbitration. *Id.* at 7.

We agree. Absent a valid arbitration clause under Section 517.7(d), the trial court did not abuse its discretion in refusing to compel arbitration and in overruling Appellant's preliminary objections. Accordingly, we affirm the court's order overruling Appellants' preliminary objections.

Order affirmed.

_____

[9] We recognize, however, that the FAA may preempt the HICPA's requirements for arbitration clauses in home improvement contracts. *See Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490, 509 (Pa. 2016) (explaining that"[t]he only exception to a state's obligation to enforce an arbitration agreement is provided by the [FAA's] savings clause, [9 U.S.C. § 2, ]which permits the application of generally applicable state contract law defenses such as fraud, duress, or unconscionability, to determine whether a valid contract exists"). We do not address this issue because Appellants have not raised it.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/13/2023